Estate of Joseph J. Mulconroy, Deceased, Virginia C. Mulconroy, Executrix v. Commissioner.
Estate of Mulconroy v. Commissioner
Docket No. 41837.
United States Tax Court
T.C. Memo 1956-170; 1956 Tax Ct. Memo LEXIS 122; 15 T.C.M. (CCH) 887; T.C.M. (RIA) 56170; July 20, 1956
Harry J. Alker, Jr., Esq., and Alfred D. Bruce, Esq., for the petitioner. Edward Pesin, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: Respondent determined a deficiency in estate tax against the estate of Joseph J. Mulconroy, deceased, in the amount of $19,128.30. * The questions are whether the respondent erred (1) in including in decedent's gross estate 100 per cent of two United States Treasury Bonds, 50 per cent of which is claimed to have belonged to the decedent's sister, (2) in disallowing the deduction of $60,000, represented as a claim of the sister of the decedent; and (3) in disallowing the deduction of attorney's fees in the amount of $10,000. Petitioner asserts that because *123 of additional work of counsel primarily with respect to the estate tax matter, the attorney's fees, and the deduction therefor, should be increased. Other issues raised have been abandoned. Findings of Fact Virginia C. Mulconroy is the executrix of the will of her brother, Joseph J. Mulconroy, deceased, letters testamentary having been granted on May 3, 1949, by the Register of Wills at Philadelphia, Pennsylvania. She is a resident of Philadelphia, as was Joseph J. Mulconroy, who died on April 17, 1949, in Philadelphia. The estate tax return was filed on July 18, 1949, with the collector of internal revenue for the first district of Pennsylvania. Joseph was unmarried and he and Virginia lived in a home they jointly owned. Joseph had not been in active business since 1942. Prior to 1942, he had operated a business of manufacturing high pressure hose and hose couplings. Originally the business was incorporated, and James J. Mulconroy, the father of Joseph and Virginia, was the controlling stockholder. The corporation was known as the *124 Mulconroy Hose Company. James also had two children by another marriage. At some undisclosed date, each of the four children received from their father a one-sixth interest in the corporation. The mother of Joseph and Virginia, after the death of her husband, owned one-third of the stock of the company, which she gave to Joseph and Virginia on some undisclosed date before her death, which occurred in 1935. Virginia permitted Joseph to keep her stock for her. On another date not shown, Virginia and Joseph purchased the interests of their two half sisters for $40,000, the payment being made "out of the business." At some time prior to 1936, the corporation was liquidated and the business and assets were taken over or acquired by Joseph, who thereafter operated the business as his individual enterprise until 1942, when he sold it. The estate tax return showed a gross estate of $132,625, and a net estate of zero. Petitioner reported as a part of the gross estate $7,500, representing one-half of a $5,000 2 1/2 per cent United States Treasury Bond, dated December 11, 1944, and one-half of a similar $10,000 bond, dated June 1, 1945, a statement being added that Virginia claimed that the *125 bonds belonged to her. On the return, the bonds were reported as payable to Joseph J. Mulconroy "or" Virginia C. Mulconroy. Respondent determined the value of the two bonds to be respectively $5,073.44 and $10,100, with accrued interest in the respective amounts of $11.12 and $84.72, all of which he determined as a part of the gross estate. Among the deductions claimed on the return, and under "Debts of Decedent," was an item of $60,000 described as "Virginia C. Mulconroy, amount due her." The deduction so claimed was disallowed by the respondent in his determination herein, the stated ground being that "the evidence submitted does not prove that a valid debt existed." Petitioner's counsel rendered routine services for the estate, and a reasonable remuneration therefor, which it is expected will be paid, is $2,500. Opinion The three adjustments made by respondent in his determination and now questioned by petitioner are questions of fact, and the burden of proving error rests on the petitioner. With respect to the United States Treasury Bonds, the petitioner does not contest respondent's determination of value, but under the issue as pleaded, claims that the bonds belonged *126 one-half to Virginia and that the respondent accordingly erred in including the entire value thereof in the decedent's gross estate. The bonds were issued to Joseph J. Mulconroy "or" Virginia C. Mulconroy, and under section 811(e) of the Internal Revenue Code of 1939, property held by the decedent and another as joint tenants is prima facie a part of the decedent's gross estate, unless it is shown that the other furnished all or a part of the consideration for the property, in which case there is to be excepted from the gross estate "only such part of the value of such property as is proportionate to the consideration furnished by such other person." Although as executrix of the decedent's estate she contends for the exclusion of only one-half of the value of the bonds from his gross estate, it was Virginia's testimony that she furnished the entire consideration of $15,000 for the purchase of the bonds, and as substantiating that testimony, she produced a savings account book in her name, showing a withdrawal of $15,000 on May 10, 1943. As indicated in our findings, the date of the issue of the $5,000 bond was December 11, 1944, and the date of issue of the $10,000 bond was June 1, 1945, the *127 one being more than a year and a half after the withdrawal from the savings account and the other more than two years after such withdrawal. Considering the great lapse of time between the withdrawal of the $15,000 on May 10, 1943, and the purchase of the bonds, we are unable to relate the withdrawal and the $15,000 so withdrawn to the purchase of the bonds. In addition, the testimony of Virginia on this issue and throughout her appearance on the witness stand was confused, indefinite and filled with inconsistencies. We do not know what the actual facts were, but considering the state of the record, we must say that petitioner has failed to prove error in the respondent's determination with respect to the bonds. There was some suggestion that the bonds were in Virginia's possession and that that fact was significant. In that connection, however, see Estate of John H. Boogher, 22 T.C. 1167. If we understand petitioner aright, the claim with respect to decedent's purported debt of $60,000 to Virginia rested on or grew out of the ownership of stock of the Mulconroy Hose Company, a company which had been organized and operated by the father of the decedent and Virginia *128 during his lifetime. Prior to his death, the father had given one-sixth of the stock of the corporation to each of his four children, the decedent, Virginia and their two half sisters, and the mother of the decedent and Virginia had succeeded to the remaining one-third of stock upon the death of her husband. The mother, in turn, had given the stock so received to the decedent and Virginia, bringing the stockholdings of each to two-sixths, or one-third, of the total stock. On some date not shown, the decedent and Virginia purchased the stock of the two half sisters for $40,000, the payment thereof being made "out of the business." At some time prior to 1936 the corporation was liquidated, after which the decedent operated the business as his individual enterprise until 1942, when he sold it. There is no proof as to the value of the business or its assets at any time, either at the time of liquidation or in 1942, when it was sold. Neither is there any proof that the decedent did or did not account to Virginia for her proper share of the assets on distribution, or at any other time. We only know that from the time of liquidation and for some six or seven years thereafter, until the *129 sale, the business was operated as the sole proprietorship of the decedent. If the decedent did not account to Virginia for her share of the assets of the corporation upon liquidation, it does not appear that she ever made any claim against him therefor. No explanation or evidence was offered to give any indication as to how the amount of $60,000 was arrived at, or exactly what it represented. We do know that after the liquidation and sale Virginia did have some fairly substantial, if not large, amounts of money in her own name, as evidenced by the savings account, from which she was able to draw $15,000 in May of 1943. The record being as it it, we must conclude and hold that the petitioner has failed to sustain its burden of proof with respect to the $60,000 claim of debt. In the estate tax return and under Schedule J - Funeral and Administration Expenses - $10,000 was claimed as a deduction for attorney's fees, "including serv. before death," all of which was disallowed by the respondent. On brief, it is now claimed that the amount which will be paid as attorney's fees is $15,000. The proof is most general and quite unsatisfactory, from the standpoint of showing the nature, *130 character and extent of the services rendered. We are unable to say that any services of very substantial value were rendered, and, so far as appears, those which were rendered were routine in character. An attorney was called as a witness to give his opinion in the matter, but taking into account his experience in such matters and the testimony given, it is of little or no assistance. On the basis of such evidence as we do have, it is our conclusion, and we have found as a fact, that a reasonable remuneration for the services rendered is $2,500. We think it is also reasonable to conclude that a fee up to that amount will be paid. We accordingly hold that as to $2,500 of the $10,000 disallowed, the respondent erred. Decision will be entered under Rule 50. Footnotes
*. Prior to amendment by an Order of the Tax Court, dated July 26, 1956, and signed by Judge Turner, this amount was shown as "$19,128.20".↩